**NOAH DELAWDER v LOUIS DELAWDER, et**

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 9, 1930

A. J. Layne, Ironton, for Noah Delawder.
A. R. Johnson, for Lucinda Delawder.

**BY THE COURT.**

In this case we adopt the view "that the husband stands in a fiduciary relation to his wife, and that therefore when he purchases property with her money the well established principle in courts of equity that if a trustee invests the funds he holds in a fiduciary capacity in the purchase of property, taking the title in his own name, a trust will result."
**6 L. R. A. 381.  See note.**
**Allen Admr. v. Deardorf, 14 Ohio 16.**
The evidence establishes that the wife was the owner of a one half interest in 53¼ acres of land which was a part of what was known as the home farm consisting of 137 acres. This farm was sold for $4,000.00, and it is apparent that the proceeds therefrom or the greater part thereof were used in the purchase and improvement of the farm described in the petition, the title to which was taken in the name of the husband. The relation of the husband being a fiduciary one it is not material when the wife's part of the money received from the sale of the first farm was used in the payment for and improvement

of the farm involved in this suit. The remaining evidence shows only a condition of affairs in the relation of the husband and wife which can be said to be generally common to all married people living on farms, and falls far short of establishing any further trust in this property in favor of the wife.

A decree may be entered granting the wife the title in fee to the undivided one fifth of the real estate described in the petition and dower in the remaining four fifths of said real estate.

Partition is awarded as prayed for, subject to the wife's rights as herein defined, and this cause is remanded to the Court of Common Pleas for further proceedings according to law.

Middleton, PJ., Mauck and Blosser, JJ., concur.